WHITE et al. v. GOODSON TYPE CASTING & SETTING MACHINE CO.

(Supreme Court, Special Term, New York County. May, 1895.)

ATTACHMENT—CONJECTURAL DAMAGES.

In an action against a foreign corporation to recover the reasonable value of plaintiff's services for selling defendant's stock, there having been no agreement as to the amount of compensation, the complaint—made on information and belief, and verified by one of the plaintiffs on his belief only—alleged that the customary charge for such services was 20 per cent. on the cash value of the stock. The papers did not disclose the source of information on which the belief was predicated, nor was there an affidavit, by any one qualified to testify, as to whether such commissions were customary or reasonable. *Held,* that the case was within the rule that an attachment could not be granted where the amount of damages is conjectural.

Action by White and others against the Goodson Type Casting & Setting Machine Company. Defendant moves to vacate an attachment. Granted.

Charles M. Ingraham, for plaintiffs.

Steele & Dickson, for defendant.

BEEKMAN, J. This motion is made to vacate an attachment granted against the defendant, as a foreign corporation, on the ground that the damages are indefinite and uncertain, and incapable of ascertainment, upon the face of the papers. The plaintiffs sue to recover commissions on the sale by them of the stock of the defendant. There was no agreement as to the amount of their compensation. They sue, therefore, to recover the reasonable value of their services, and allege that the customary charge or commission for such services is 20 per cent. upon the cash value of the stock. In the complaint this averment is made on information and belief. In the affidavit which is made by one of the plaintiffs, the averment is made on his belief only. Nowhere do the papers disclose the sources of information upon which any such belief is predicated, nor is there any affidavit, on the part of any one qualified to testify to the fact, that such a commission is either customary or reasonable. The percentage seems to be so exorbitant and unreasonable as to furnish the court with no measure of value from which it may be reasonably inferred that, if the plaintiffs should establish their right to recover, the jury would award them the amount they claim, or anything in any way approaching it. The case, therefore, is one which, in my opinion, comes within the decisions denying the right of a party to an attachment in cases where, upon the papers, the amount of the damages is largely conjectural. For this reason the attachment should be vacated. I do not think, either, that, when the defendant moved for an increase of security on the part of the plaintiffs, it exhausted its right to make any further motion under section 682 of the Code. Order signed.